**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**JOSE CASAS, JR.,**

        **Petitioner,**

**v.**                                          **Civil Action No. 2:17cv125
(Judge Bailey)**

**JENNIFER SAAD, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On October 6, 2017, the *pro se* Petitioner, Jose Casas, Jr., an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. On November 22, 2017, the Petitioner filed a memorandum in support of his petition. ECF No. 8. The Petitioner paid the $5 filing fee on December 7, 2017.

The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 1:06-cr-00035 in the United States District Court for the Southern District of Texas, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A. Conviction and Sentence

On January 24, 2006, a federal grand jury sitting in Brownsville, Texas, indicted the Petitioner for being a felon in possession of a firearm. ECF No. 3. The Petitioner was also indicted for being an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1).[2] On May 24, 2006, the Petitioner was found guilty of being a felon in possession of a firearm following a bench trial. ECF No. 47. He was also found to be an Armed Career Criminal. Id.

In the final presentence report, the Petitioner was assessed a base offense level of 24. The Petitioner was also assessed an additional 4-level enhancement, for possessing a firearm in connection with another felony offense. The Petitioner also received a 4-level enhancement for being "an armed career criminal [who] possessed a firearm in connection with a Controlled Substance Offense." ECF No. 86 at 2. Regarding his criminal history, the Petitioner had 6 adult criminal convictions and was assessed 13 criminal history points. This resulted in a criminal history category of VI. The presentence report, based upon the Petitioner's offense level of 34 and criminal history category VI, identified a guideline sentencing range of 262 to 327 months of imprisonment. Id. On August 28, 2006, the Petitioner was sentenced to 262 months imprisonment and 3 years of supervised release. ECF No. 37.

### B. Appeal

On September 1, 2006, the Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. ECF No. 35. On October 18, 2006, the Fifth

---

[2] In order to be considered an Armed Career Criminal, a defendant must have three prior convictions for violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). According to the indictment, the Petitioner had two prior felony convictions for burglary and one prior felony conviction for delivery of marijuana, all in Texas state court.

2

Circuit dismissed the appeal for want of prosecution, for failure to pay the necessary filing fee. ECF No. 40.

### C. Motions to Vacate, Appeals Thereof and other Motions for Relief

On May 25, 2007, the Petitioner filed a motion to vacate under 28 U.S.C. § 2255. ECF No. 42. In his motion, the Petitioner asserted four grounds for relief: (1) he did not understand the nature of the charges against him; (2) his confession was coerced; (3) there was an unconstitutional search and seizure; and (4) he was unlawfully arrested. On October 9, 2008, the District Court decided that the Petitioner claims were procedurally barred because they were not raised on direct appeal. Further, to the extent that any of his claims were not procedurally barred, the Court found them to be without merit. A Certificate of Appealability was denied.

On October 15, 2013, the Petitioner filed his second motion to vacate under 28 U.S.C. § 2255. ECF No. 76. In that motion, the Petitioner asserted that his prior conviction for burglary of a habitation could not be used to enhance his sentence under the Armed Career Criminal statutory provisions, citing Decamps v. United States, 133 S.Ct. 2276 (2013). On July 10, 2014, the court dismissed his petition, finding that it was an unauthorized second habeas petition. ECF No. 80

On February 5, 2016, the Petitioner filed a third motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 82. In this motion, the Petitioner asserted that his sentence was unlawfully enhanced under the ACCA because he was subject to the residual clause that was struck down in Johnson v. U.S., 135 S.Ct. 2551 (2015). On May 24, 2016, United States Magistrate Judge Ronald G. Morgan filed a Report and Recommendation that the § 2255 motion be dismissed because it was an unauthorized

3

second or successive motion. Moreover, the Magistrate Judge noted that even if the Court had jurisdiction to consider the Petitioner's claims, they were legally meritless. By way of explanation, the Magistrate Judge noted that:

> The ACCA lists a number of crimes that qualify as predicate felony; burglary and distribution of controlled substances are specifically enumerated amongst them. 18 U.S.C. 924(e)(2)(A)(ii) & (e)(2)(B)(ii). Those enumerated crimes served as the predicate convictions in the Petitioner's case. Such enumerated crimes are not within the scope of the "residual clause." For this reason, the residual clause played no role in and had no effect upon the Petitioner's case. Johnson, 135 S.Ct. at 2563 (noting that its holding did not apply to the enumerated offenses). Accordingly, the residual clause was not applied in the Petitioner's case and did not impact his sentence. For that reason, despite his claims, he is not entitled to the relief he seeks.

ECF No. 84 at 6, fn 4.

On May 25, 2016, the Court entered an order which preliminarily appointed Louis S. Sorola to represent the Petitioner. In addition, on June 13, 2016, the Court ordered the United States Probation Office to modify the Presentence Investigation Report based upon the ruling by the United States Supreme Court in Johnson. On June 14, 2016, a revised final PSR was entered together with sealed addendum III. ECF Nos. 91 & 92.[3] For reasons which are not clear, Mr. Sorola did not file a Motion for authorization to file a successive petition under § 2255 until October 11, 2016, and then relied on Mathis. The Fifth Circuit denied the motion on November 22, 2016, because the Supreme Court gave no indication that it was announcing a new rule that would apply retroactively to cases on collateral review.

---

[3] Although the undersigned does not have access to the PSR because it is sealed, it appears that the amended PSR reported six prior convictions, two for the Texas offense of burglary of a building and burglary habitation under Texas Penal Code § 30.02(a)(1). See No. 16-41401, Fifth Circuit Court Of Appeals, Doc. 00513712496. In addition, the Petitioner alleges in his memorandum in support of his § 2241, that the "updated" PSR took into account his level without the ACCA enhancement and recommended a non-ACCA guideline range of 100 to 125 months." ECF No. 8 at 3-4.

On June 20, 2017, the Magistrate Judge's Report and Recommendation was adopted and the § 2255 motion was dismissed for lack of jurisdiction. ECF No. 109.

### D.     Instant § 2241 Petition

The Petitioner attacks his sentence arguing that he is actually innocent of the ACCA enhancement. The Petitioner relies on the decision in Mathis v. United States, 136 S.Ct. 2243 (2016), Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because Mathis is "not a constitutional case but a statutory law and did not qualify for a prima facie showing." ECF No. 1 at 9. For relief, the Petitioner requests that this Court remand and resentence without the ACCA sentencing enhancement. Id. at 8.

### III. Legal Standard

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255

8

> motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition. The Petitioner claims do not relate to the execution of sentence or calculation of sentence by the BOP. Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Southern District of Texas. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[6]

Although the Petitioner does not assert that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Because the Petitioner is not contesting his conviction, the Jones standard does not apply to his petition for relief. Instead, the Court must review the Petitioner's challenge of his sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner

---

[6] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. Because the Petitioner cannot meet the second prong of the Wheeler test, this court does not need to consider the third or fourth parts of the test.

The Petitioner argues that his conviction for Texas burglary does not qualify as a predicate for the ACCA in light of the Mathis decision. However, Petitioner's reliance on Mathis is misplaced, because the Supreme Court in Mathis unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of precedent. 136 S.Ct. at 2257. Moreover, the holding of Mathis has not been held to be retroactive to cases on collateral review. Walker v. Kassell, __ Fed. Appx. __, 2018 WL 2979571 (June 13, 2018). See also Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that Mathis is not retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Because Mathis does not announce a new rule of law, and is otherwise irrelevant to the determination of whether the Petitioner can assert his claims under § 2241, he cannot meet the second prong of Wheeler. Therefore, It is clear that Petitioner attacks the validity of his sentence, but fails establish that he meets all four of the Wheeler requirements.

In conclusion, the Petitioner cannot demonstrate that 2255 is in inadequate or ineffective remedy and has improperly filed his petition under 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction

does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 2, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE