IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**JOSE CASAS, JR.,**

    Petitioner,

v.                                **CIVIL ACTION NO. 2:17-CV-125**
                                         **(BAILEY)**

**JENNIFER SAAD, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 14]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 2, 2018, wherein he recommends this Court deny and dismiss without prejudice petitioner's § 2241 Petition [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner filed his Objections on October 26, 2018 [Doc. 19].[1] Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

Petitioner does not object to the R&R's recitation of the factual background and procedural history. Thus, rather than reiterating such in detail, this Court will only briefly summarize that which is most relevant.

On May 24, 2006, following a bench trial in the Southern District of Texas, petitioner was found guilty of being a felon in possession of a firearm, and he was found to be an Armed Career Criminal. On August 28, 2006, the District Court imposed a within-guideline range sentence of 262 months imprisonment and 3 years of supervised release. In determining the appropriate guideline range, petitioner's offense level was increased based on a firearm enhancement and for being "an armed career criminal [who] possessed a firearm in connection with a Controlled Substance offense." Petitioner's direct appeal was dismissed by the Fifth Circuit for failure to pay the filing fee.

On May 25, 2007, petitioner filed a *pro se* § 2255 petition asserting four grounds for relief, claiming Fourth and Fifth Amendment violations and that he did not understand the nature of his charges. The District Court ruled that petitioner's claims were procedurally barred because they were not raised on direct appeal. The District Court also held that

---

[1] The Court notes that there are two docket entries, Documents 19 and 20, that are both petitioner's Objections. They are the exact same except for the dates signed on them.

2

even if they were not barred, the claims were without merit. A Certificate of Appealability was denied. Petitioner later filed two more § 2255 petitions that were both dismissed as unauthorized second or successive habeas petitions.

On May 25, 2016, petitioner was appointed counsel and the Court later ordered the United States Probation Office to modify the Presentence Investigative Report based on the Supreme Court case, *Johnson v. United States*, 135 S.Ct. 2551 (2015). Counsel filed a motion for authorization to file a successive § 2255 petition, relying on *Mathis v. United States*, 136 S.Ct. 2243 (2016). The Fifth Circuit denied the motion because there was no indication that the new rule in *Mathis* would apply retroactively to cases on collateral review. The § 2255 was dismissed for lack of jurisdiction.

Petitioner's instant § 2241 petition attacks his sentence under the savings clause of § 2255(e), relying on *Mathis*. Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention. For relief, petitioner requests this Court vacate his sentence and resentence him without the Armed Career Criminal Act ("ACCA") enhancement. Magistrate Judge Seibert recommends dismissing the petition because petitioner does not seek any relief under permissible grounds for a § 2241 petition because his claims challenge the validity of his sentence instead of relating to the execution of his sentence or calculation of his sentence by the BOP. In his objections to the R&R, petitioner argues that he should be resentenced without the ACCA enhancement, relying on a recent Supreme Court case, *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

3

## APPLICABLE LAW

Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); *see also In re Jones*, 226 F.3d 328 (4th Cir. 2000). Relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

In *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when all of the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429 (citing *In re Jones*, 226 F.3d at 333–34).

4

## DISCUSSION

Magistrate Judge Seibert recommends that this Court deny and dismiss petitioner's § 2241 petition for lack of jurisdiction because he cannot satisfy the four-part **Wheeler** test. Petitioner objects to this recommendation and argues that: (1) his case satisfies **Wheeler**; (2) a recent case, **Sessions v. Dimaya**, held that the same language for petitioner's enhancement was unconstitutionally vague; and (3) a magistrate judge's "response" instead of a response by the government violates the "constitutional separation of powers." [Doc. 19, p. 2]. None of petitioner's arguments hold any merit or entitle relief.

### I. Jurisdiction

Magistrate Judge Seibert determined that petitioner could not meet the second element of the **Wheeler** test "because any change to the settled law which established the legality of the Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review." [Doc. 14, p. 9]. Specifically, Magistrate Judge Seibert correctly found that the case petitioner relies on—**Mathis**—does not apply retroactively on collateral review in this circuit [*Id.* at 9–11]. *See, e.g.*, **Walker v. Kassell**, 726 F. App'x 191, 192 (4th Cir. 2018) (unpublished) ("[T]he case upon which Walker relies, **Mathis v. United States**, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241.").

Petitioner objects to the R&R's determination that he cannot satisfy the **Wheeler** test, but does not put forth any argument other than a conclusory statement: "The

5

petitioner's case involves all four prongs of *Wheeler* and therefore qualifies as a legitimate claim in this Circuit." [Doc. 19, p. 3].

Petitioner can satisfy the first *Wheeler* prong because at the time of sentencing it is clear that settled law established the legality of the imposed sentence. However, as Magistrate Judge Seibert correctly found, petitioner cannot satisfy the second prong because *Mathis* does not apply retroactively. Petitioner is attacking the validity of his sentence, but cannot satisfy the *Wheeler* test, and therefore he cannot demonstrate that § 2255 is an inadequate or ineffective remedy. Accordingly, this Court is without jurisdiction to consider the § 2241 petition. Petitioner's objection is **OVERRULED**.

## II. Vagueness

Petitioner argues that the ACCA language is impermissibly vague and that he should be resentenced without the ACCA enhancement. He relies on the recent ruling in *Dimaya*, where the Supreme Court held that the Immigration and Nationality Act's ("INA") definition of "aggravated felony" was impermissibly vague. *See Sessions v. Dimaya*, 138 S.Ct. at 1223. However, *Dimaya* has no bearing on petitioner's petition. The Supreme Court compared the INA's language with that language of the ACCA's "residual clause," which was held unconstitutionally vague in *Johnson*. *See id.* Petitioner argues that this means his sentencing enhancement based on burglary—which he claims is an "aggravated felony" like in *Dimaya*—is also unconstitutional for being too vague. Petitioner is incorrect. Petitioner's enhancement was based on the ACCA, but it was not based on the residual clause. The ACCA lists crimes which qualify as prerequisites, including burglary and distribution of controlled substances. 18 U.S.C. §§ 924(e)(2)(A)(ii) & 924(e)(2)(B)(ii).

6

These enumerated crimes are not within the scope of the ACCA's residual clause. The residual clause in the ACCA had nothing to do with Petitioner's case because his enhancement was based on an enumerated offense, not the vague residual clause. *See Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). This objection is **OVERRULED**.

### III. Separation of Powers

Petitioner argues that because the Government did not respond to his petition and instead a magistrate judge "responded" to his motion, the executive branch and judicial branch "conspired against" petitioner and violated the "constitutional separation of powers." [Doc. 19, p. 2]. First, Magistrate Judge Seibert's R&R was not a "response," it was a recommended ruling for this Court to adopt or deny. The Local Rules allow for magistrate judges to file an R&R and the District Court judges are to adopt them or decline to adopt them. There is clearly no separation of powers issue here. This objection is **OVERRULED**.

### **CONCLUSION**

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation **[Doc. 14]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objections **[Doc. 19]** are **OVERRULED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor

7

of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: November 26, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE